# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **BARRY RIDDICK,** | CASE NO. 1:18 CV 1200 |
| **Plaintiff,** | JUDGE DAN AARON POLSTER |
| vs. | |
| **OWEN R. TAYLOR,** *et al.*, | **MEMORANDUM OF OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* Plaintiff Barry Riddick filed this action against Key Decisions/Positive Choices ("Key Decisions"), Key Decisions Chemical Dependency Counselor Owen R. Taylor, Key Decisions Consultant Robert Spencer, and Key Decisions Consultant Tom Walter. In the Complaint (Doc. # 1), Plaintiff alleges the Defendants would not sign his evaluation forms for the State of Michigan because he refused to participate in their outpatient treatment program. He asserts claims for denial of due process, fraud and misrepresentation, intentional infliction of emotional distress, violation of confidentiality, and vicarious liability. He seeks monetary damages.

## I. BACKGROUND

Plaintiff alleges that in 2012, he contracted with Key Decisions through Owen Taylor to perform a drug and alcohol assessment and to complete two forms for the State of Michigan. He contends he paid Key Decisions the sum of $200.00 for these services. He claims they failed to provide him with a copy of the assessment and did not complete the Michigan forms. He

indicates the Defendants acted in this manner in retaliation for his refusal to participate in the Defendants' outpatient treatment program. He filed a grievance with the state licensing board against Key Decisions on June 4, 2012 to compel the Defendants to complete the forms. He received a response to his grievance on June 29, 2012 but he does not indicate what that decision was. He states as a result of the Defendants' breach of contract, he was unable to renew his expired Ohio driver's license. He lists causes of action for denial of due process, fraud and misrepresentation, intentional infliction of emotional distress, violation of confidentiality, and vicarious liability.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a Defendant is immune from suit or when a Plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough

facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009), further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

### III. ANALYSIS

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.*

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises

a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists his address as Cleveland, Ohio. He indicates Key Decisions is an Ohio entity with its principal place of business in Cleveland, Ohio. He lists Cleveland, Ohio addresses for the other Defendants as well. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. Fed.R.Civ.P. 8. The Complaint, as written, suggests that the Plaintiff and Defendants are all citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* Plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to state a claim based on a violation of federal law.

Plaintiff asserts the Defendants denied him due process, in violation of the Fourteenth Amendment. Because the Constitution does not directly provide for damages, Plaintiff must proceed under one of the civil rights statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v. Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes these claims as arising under 42 U.S.C. § 1983.

To establish a prima facie case under 42 U.S.C. § 1983, Plaintiff must assert that a person acting under color of state law deprived him of rights, privileges, or immunities secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981). Generally to be considered to have acted "under color of state law," the person must be a state or local government official or employee. A private party may be found to have acted under color of state law to establish the first element of this cause of action only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). An individual may also be considered a state actor if he or she exercises

powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 352 (1974).

Here, Plaintiff gives no indication that any of these Defendants is a government agency or employee. He alleges he privately contracted with them to perform an alcohol and drug evaluation and to complete forms required by the State of Michigan. This does not suggest they were government actors, nor that they received significant aid from the state. Drug and alcohol testing is not a power traditionally reserved to the state. Plaintiff failed to establish a claim under § 1983.

Moreover, even if he had alleged facts to set forth a claim under 42 U.S.C. § 1983, the statute of limitations for filing such a claim expired prior to the filing of this action. Ohio's two year statute of limitations for bodily injury applies to §1983 claims. *LRL Properties v. Portage Metro Housing Authority*, 55 F. 3d 1097 (6th Cir. 1995). The actions alleged in the Complaint took place in 2012. This action was filed in May 2018, well beyond the expiration of the two-year statute of limitations period. There would be no purpose in allowing this matter to go forward in view of the fact that it is clearly time-barred. *See Fraley v. Ohio Gallia County*, No. 97-3564, 1998 WL 789385, at *1 (6th Cir., Oct. 30, 1998)(affirming *sua sponte* dismissal of *pro se* §1983 action filed after two year statute of limitations for bringing such an action had expired). The statute of limitations is normally an affirmative defense that must be raised by Defendants in an Answer; however, if the limitations bar appears on the face of the Complaint, as it does here, the Court may apply it during the initial screening process. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012); *Watson v.*

*Wayne County*, 90 F. App'x. 814, at * 1 (6th Cir. Jan. 26, 2004); *Alston v. Tennessee Department of Corrections*, No. 01–5818, 2002 WL 123688, at *1 (6th Cir. Jan. 28, 2002).

Plaintiff's remaining claims all arise, if at all, under state law. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). The Court, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claim, this Court declines jurisdiction to hear Plaintiff's state law claim.

## IV. CONCLUSION

Accordingly, Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. #2) is granted and this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

**IT IS SO ORDERED**.

                                           *s/Dan Aaron Polster*        8/13/2018
                                           **DAN AARON POLSTER**
                                           **UNITED STATES DISTRICT JUDGE**

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.